31 F.3d 1177
 32 U.S.P.Q.2d 1505
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SGS-THOMSON MICROELECTRONICS, INC., Plaintiff-Appellant,
v.
INTERNATIONAL RECTIFIER CORPORATION, Defendant-Appellee.
 No. 93-1561.
 United States Court of Appeals, Federal Circuit.
 July 14, 1994.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 After the United States District Court for the Central District of California disposed of all of plaintiff-appellant SGS-Thomson Microelectronics, Inc.'s (SGS) infringement claims on summary judgment, defendant-appellee International Rectifier Corporation (IR) petitioned to have over $2.1 million of its attorney fees and expenses shifted to SGS pursuant to 35 U.S.C. Sec. 285. IR asserted that this case was "exceptional" because United States Patent No. 4,553,314 (the '314 patent) had been procured through inequitable conduct and because SGS's claims for infringement of United States Patent No. 4,495,513 (the '513 patent) and United States Patent No. 4,712,127 (the '127 patent) were baseless in that SGS allegedly knew that the assignments upon which it relied to claim standing to sue were ineffective. After IR reduced its fee request by approximately $80,000 in response to errors pointed out by SGS, the district court found the case to be "exceptional" under section 285 based on both the inequitable conduct it had found with respect to the '314 patent and the "sham" assignments of the '513 and '127 patents. The court entered findings prepared by IR which shifted over $2.1 million of IR's attorney fees and expenses to SGS. SGS-Thomson Microelectronics, Inc. v. International Rectifier, No. CV-92-2202-R, slip op. at 2 (C.D.Cal. Aug. 5, 1993). SGS appeals, and we vacate and remand.
 
 DISCUSSION
 
 2
 As explained in SGS-Thomson Microelectronics, Inc. v. International Rectifier Corp., Nos. 93-1386 and 93-1409, the district court erred in granting summary judgment based on its inequitable conduct and the sham assignment rulings. Yet, the district court relied upon these summary judgment rulings to form the basis for the fee order. The law is clear, however, that a decision awarding fees to a "prevailing party" must be vacated when the underlying decision as to which that party prevailed below is reversed. See, e.g., Baker Oil Tools, Inc. v. Geo Vann, Inc., 828 F.2d 1558, 1566, 4 USPQ2d 1210, 1216 (Fed.Cir.1987) (attorney fee award vacated where underlying grants of summary judgment reversed). Although we vacated, rather than reversed the judgments based on the district court's rulings on the inequitable conduct and the sham assignment issues, the net result is that IR is no longer a "prevailing party." As such, we must vacate the district court's decision to shift $2.1 million of IR's attorney fees and expenses to SGS and remand the case to the trial court for a determination of whether for other reasons SGS's conduct was exceptional within the meaning of 35 U.S.C. Sec. 285 and, if so, whether fee-shifting is warranted.
 
 COSTS
 
 3
 Each party to bear its own costs.
 
 
 4
 PLAGER, Circuit Judge, concurs in result but not remand.